JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Trezjuan Thompson

**(b)** County of Residence of First Listed Plaintiff   **Strafford (NH)**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jonathan H. Feinberg, Kairys, Rudovsky, Messing & Feinberg, 718 Arch St., Ste. 501 S, Phila, PA 19106

## DEFENDANTS

United States of America

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 1346(b)
Brief description of cause:
Federal Tort Claims Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE   6/23/16

SIGNATURE OF ATTORNEY OF RECORD   *Jonathan H Feinberg*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

Print

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o 718 Arch Street, Suite 501 South, Philadelphia, PA 19106

Address of Defendant: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jonathan H. Feinberg , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/23/16 _____   Attorney-at-Law   _____   88227   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/23/16 _____   Attorney-at-Law   _____   88227   Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Trezjuan Thompson | : | CIVIL ACTION |
| v. | : | |
| United States of America | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)


| | | |
|---|---|---|
| 6/23/2016 | _Jeffrey A Feinberg_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-925-4400 | 215-925-5365 | jfeinberg@krlawphila.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TREZJUAN THOMPSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-_____ |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.    Plaintiff Trezjuan Thompson brings this claim in relation to the gross negligence of medical practitioners and other employees in the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Philadelphia who failed to ensure proper follow-up care for the surgical repair of Mr. Thompson's ruptured Achilles tendon.  As a result, Mr. Thompson suffered from prolonged and invasive infections at the surgical site, which have severely limited his mobility and left him permanently disabled.

2.    Mr. Thompson brings this action against Defendant United States of America under the Federal Tort Claims Act seeking compensation for his past and future physical and emotional pain and suffering and future financial losses.

### II. JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1346(b).

4.    On or about June 30, 2015, Mr. Thompson submitted a timely Administrative Tort Claim to the BOP.  In correspondence dated December 30, 2015, the BOP denied the claim.

5.      Venue is proper in this District under 28 U.S.C. § 1402(b) as the actions at issue in this matter occurred principally in Philadelphia, Pennsylvania within the Eastern District of Pennsylvania.

### III. PARTIES

6.      Plaintiff Trezjuan Thompson was at all times relevant to this Complaint incarcerated in BOP facilities.

7.      Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

8.      At all times relevant to this Complaint, all medical personnel mentioned below were employees of BOP and Defendant United States of America and were acting within the scope and course of their employment.

### IV. FACTS

9.      In late July 2013, while he was incarcerated in the Federal Detention Center-Philadelphia ("FDC"), a facility operated by the Federal Bureau of Prisons ("BOP"), Mr. Thompson injured his right leg in a basketball game.

10.     In early August 2013, after imaging studies and an Emergency Department evaluation, Mr. Thompson was diagnosed with a ruptured right Achilles tendon.

11.     Mr. Thompson was evaluated by a physician at Hahnemann Hospital in Philadelphia who determined that surgical repair of the ruptured tendon was required.

12.     On September 10, 2013, Mr. Thompson had the recommended surgery. Following the procedure, a cast was placed on his right leg.

13.     The surgeon who conducted the procedure informed correctional staff who escorted Mr. Thompson to the hospital that Mr. Thompson should remain in the hospital overnight or longer for continued monitoring.

14.     The correctional staff, however, stated that Mr. Thompson was required to be immediately returned to the FDC.

15.     Mr. Thompson was, therefore, discharged that same day and returned to the FDC.

16.     The surgeon ordered that Mr. Thompson be returned to the hospital for a follow-up evaluation in five-to-seven days.

17.     Instructions concerning the need for a surgical follow-up evaluation were provided in writing to BOP staff who, in turn, provided those written instructions to medical staff at the FDC.

18.     The instructions provided, further, that if Mr. Thompson's cast got wet or started to leak, it should be removed and replaced.

19.     Approximately one week after the surgery, Mr. Thompson felt blood running out of his cast.  He reported this occurrence to FDC medical staff, including Stephen Hoey, D.O.; Antonio Fausto, MLP; Paul Clemens, PA-C; and Shelsy Bastedo, RN.

20.     Medical staff, including those referenced above, declined to evaluate or treat Mr. Thompson's leg.

21.     Mr. Thompson was scheduled for a post-surgical follow-up evaluation with the surgeon on September 24, 2013.

22.     At no time between Mr. Thompson's observation of blood running out of his cast and the scheduled follow-up appointment did FDC medical staff, including those referenced above, provide Mr. Thompson with evaluation or treatment of his surgical wound.

3

23.     On September 24, 2013, FDC correctional staff took Mr. Thompson to his follow-up appointment.  When they arrived at the location for the appointment, there was an apparent fire near the office building where the appointment was scheduled.

24.     Due to the apparent fire, BOP correctional staff did not take Mr. Thompson to the appointment.

25.     Instead, BOP correctional staff returned Mr. Thompson to the FDC.

26.     Following the decision not to take Mr. Thompson into the surgeon's office for the follow-up appointment, neither correctional staff nor medical staff made any effort to reschedule the appointment despite knowing that a follow-up appointment was necessary to evaluate the condition of Mr. Thompson's surgical wound.

27.     For the next ten days, Mr. Thompson complained to correctional and medical staff, including those referenced above, that his surgical wounds were not healing and that he was experiencing substantial pain and bleeding from the cast.

28.     During that time, FDC medical staff failed to provide Mr. Thompson with evaluation or treatment of his surgical wound

29.     A follow-up appointment was not rescheduled until October 4, 2013—three-and-half weeks after the surgery (and two-and-a-half weeks longer than the time period ordered by the surgeon).

30.     At the follow-up appointment, when the surgeon removed the cast from Mr. Thompson's leg, the surgeon concluded that Mr. Thompson's surgical wound was seriously infected.

31.     Mr. Thompson was readmitted to the hospital.

4

32.     Upon his admission, he was required to undergo at least three painful debridement procedures to treat the infection at the surgical site.

33.     Additionally, due to the infection, physicians concluded that the first surgical Achilles tendon repair had failed.

34.     As a result, Mr. Thompson was required to undergo a second surgical procedure to repair his Achilles tendon.

35.     Mr. Thompson remained hospitalized until November 22, 2013.

36.     On that date, he was returned to the FDC.

37.     Over the next week, however, Mr. Thompson experienced continued problems with infection at the surgical site.

38.     The continued infection resulted directly from the failure to timely treat Mr. Thompson's surgical wound in the weeks immediately following the surgical procedure.

39.     Mr. Thompson was readmitted to the hospital on or about November 29, 2013.

40.     For the next week, he received continued medical treatment for a persistent infection.

41.     He was discharged from the hospital on December 6, 2013.

42.     Yet again, the infection required additional treatment, and Mr. Thompson was returned to the hospital on or about December 10, 2013.

43.     He remained hospitalized for an additional two weeks, still receiving treatment for a persistent infection at the surgical site.

44.     The continued need for treatment was necessitated by the failure of FDC correctional and medical staff, including those referenced above, to ensure the timely treatment

of Mr. Thompson's surgical wound in the weeks immediately following the surgical procedure, which resulted in a persistent infection.

45.     As a result of the persistent infection, the multiple surgeries and debridements, and his continued inability to rehabilitate the injury, Mr. Thompson was rendered disabled.

46.     He experienced, and continues to experience, constant pain, discomfort, and limited mobility, requiring the use of a wheelchair or other assistive devices.

47.     Mr. Thompson additionally requires extensive treatment for recurrent infections.

48.     These harms to Mr. Thompson are a direct result of the failure of BOP medical and correctional staff to ensure the timely and appropriate treatment of Mr. Thompson following his surgery in September 2013.

49.     As a result of the actions and inactions of BOP employees as described above, Mr. Thompson has suffered substantial damages including physical pain and suffering, emotional trauma, loss of the enjoyment of life and financial damages, some or all of which may be permanent.

## V.  CAUSE OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligence

50.     The BOP correctional and medical employees referenced above, including Stephen Hoey, D.O.; Antonio Fausto, MLP; Paul Clemens, PA-C; and Shelsy Bastedo, RN, owed a duty to plaintiff, breached their duty to plaintiff, and, as such, were direct and proximate causes and substantial factors in bringing about plaintiff's damages outlined above.

51.     The actions and inactions of the BOP correctional and medical employees referenced above constitute the tort of negligence under the law of Pennsylvania.

6

52.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count II
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligent Infliction of Emotional Distress

53.     The BOP correctional and medical employees referenced above, including Stephen Hoey, D.O.; Antonio Fausto, MLP; Paul Clemens, PA-C; and Shelsy Bastedo, RN, owed a duty to plaintiff, breached that duty, and caused plaintiff to suffer severe emotional distress, which was the direct and proximate result of defendants' breach of duty.

54.     The actions and inactions of the BOP correctional and medical employees referenced above constitute the tort of negligent infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.

55.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count III
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Intentional Infliction of Emotional Distress

56.     The conduct of the BOP correctional and medical employees referenced above, including Stephen Hoey, D.O.; Antonio Fausto, MLP; Paul Clemens, PA-C; and Shelsy Bastedo, RN was outrageous and extreme. These employees acted intentionally or in deliberate disregard of Mr. Thompson's emotional distress; and, as a direct and proximate result, he suffered severe emotional distress which manifests itself in physical symptoms, including extreme pain and discomfort.

57.     The actions and inactions of the BOP correctional and medical employees referenced above constitute the tort of intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.

58.     Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions

**Wherefore**, plaintiff Trezjuan Thompson respectfully requests:

A.      Compensatory damages;

B.      Reasonable attorneys' fees and costs;

C.      Such other and further relief deemed just and appropriate.

Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)
jfeinberg@krlawphila.com

8