IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREZJUAN THOMPSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 16-3287 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

AND NOW, this _____ day of _____, 201___, upon consideration of Defendant's Motion for Partial Dismissal, the Motion is GRANTED. Count II (Negligent Infliction of Emotional Distress) and Count III (Intentional Infliction of Emotional Distress) are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

BY THE COURT:


_____
HONORABLE C. DARNELL JONES II
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREZJUAN THOMPSON, | : |
| Plaintiff, | : Civil Action |
| | : No. 16-3287 |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Defendant, the United States of America, by and through its undersigned counsel, respectfully moves to dismiss Count II (Intentional Infliction of Emotional Distress) and Count III (Negligent Infliction of Emotional Distress) of plaintiff Trezjuan Thompson's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The reasons for this motion are set forth more fully in the attached memorandum of law.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*Susan R. Becker for MLH*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

MICHAEL S. MACKO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8415
Michael.Macko@usdoj.gov
*Counsel for Defendant United States of America*

Dated:  December 6, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREZJUAN THOMPSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 16-3287 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR PARTIAL DISMISSAL**

Plaintiff Trezjuan Thompson, an inmate at the Federal Bureau of Prisons, filed a three-count complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that prison staff committed medical malpractice by failing to ensure proper follow-up care after a surgical repair of his ruptured Achilles tendon. But in addition to the medical malpractice claim, Thompson alleges that the same acts and omissions constitute the torts of intentional infliction of emotional distress and negligent infliction of emotional distress. Thompson fails to state a claim under Pennsylvania law for those two causes of action, and therefore the Court should dismiss them pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

Thompson alleges that in July 2013, he ruptured his right Achilles tendon while playing basketball at the Federal Detention Center-Philadelphia ("FDC"), a facility operated by the Federal Bureau of Prisons. Compl. ¶¶ 9-10. After undergoing surgery to repair the tendon, Thompson alleges that correctional staff immediately returned him to the FDC even though the surgeon said that he should remain in the hospital overnight or longer for monitoring. *Id.* ¶ 13.

Thompson alleges that the surgeon ordered him to return for a follow-up evaluation in five-to-seven days and gave written instructions to prison staff that Thompson's cast should be replaced if it got wet or started to leak. *Id.* ¶¶ 16-18. About a week after the surgery, Thompson alleges that he reported blood running out of his cast to prison employees, but the employees declined to evaluate or treat him. *Id.* ¶ 19.

On September 24, 2013, prison staff allegedly transported Thompson to a scheduled follow-up appointment with the surgeon, but returned him to the FDC without seeing the surgeon because of an apparent fire at the surgeon's office. Compl. ¶¶ 21, 23-24. Thompson alleges that during the next ten days, he complained to prison staff that his wounds were not healing and that he was experiencing substantial pain and bleeding, but he received no evaluation or treatment. *Id.* ¶¶ 26-27. At a rescheduled follow-up appointment on October 4, 2013, the surgeon allegedly concluded that Thompson's wound was infected and readmitted him to the hospital. *Id.* ¶¶ 29-30.

Thompson alleges that he underwent at least three painful procedures to treat the infection, and the tendon repair surgery ultimately failed, requiring a second surgical repair. Compl. ¶¶ 32-34. According to Thompson, he returned to the FDC from the hospital on November 22, 2013, but continued to experience an infection at the surgical site. *Id.* ¶¶ 35-37. Thompson attributes this continued infection to the alleged failure to treat the surgical wound on a timely basis in the weeks immediately after the surgery. *Id.* ¶ 38.

Thompson alleges that he underwent two additional hospitalizations for a persistent infection, which he also attributes to the prison staff's alleged failure to treat the surgical wound in the weeks immediately after the surgery. Compl. ¶¶ 39-44. Thompson alleges that the

infection and resulting procedures rendered him disabled, including the use of a wheelchair or other assistive devices, and requires extensive treatment for recurrent infections. *Id.* ¶¶ 46-47.

## ARGUMENT

Assuming that Thompson states a claim of medical malpractice in Count I, he nonetheless fails to state separate claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

**I.     Legal Framework**

Federal Rule of Civil Procedure 8 requires that a plaintiff provide a "short and plain statement of the claim." Fed. R. Civ. P. 8(d)(1). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The rule "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citation omitted).

**A.     Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). The "factual content" in a pleading must "allow[] the court to draw [a] reasonable inference that defendant is liable for the misconduct alleged." *Id.* Although a court must accept as true the factual allegations of a complaint, that tenet "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

B.   **The Court Applies Pennsylvania Law in this FTCA Case**

Thompson's complaint arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671−2680 (the "FTCA"). The FTCA is the exclusive cause of action available to plaintiffs seeking tort damages from the United States. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'" *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361 (3d Cir. 2001) (citation omitted). Reflecting that principle, the FTCA provides that the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The Court applies Pennsylvania law when reviewing Thompson's complaint. The Court looks to Pennsylvania law because Thompson's alleged injury occurred in Pennsylvania, and under the FTCA, the Court determines liability "in accordance with the law of the place where the act or omission occurred." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (citing 28 U.S.C. § 1346(b)(1)).

II.   **The Complaint Fails to State a Claim of Intentional Infliction of Emotional Distress**

To state a claim of intentional infliction of emotional distress under Pennsylvania law, (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979) (en banc). Pennsylvania courts have found extreme and outrageous conduct only in the "most egregious" of situations, *Hoy v. Angelone*, 720 A.2d

4

745, 754 (Pa. 1998), such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children, *see Salerno v. Phila. Newspapers, Inc.*, 546 A.2d 1168, 1172 (Pa. Super. Ct. 1988) (collecting cases). As the Third Circuit put it, the alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 85 (3d Cir. 1987) (applying Pennsylvania law) (citation omitted). The Court decides "in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Swisher v. Pitz*, 868 A.2d 1228, 1231 (Pa. Super. Ct. 2005).

That high burden is difficult to satisfy. "[C]ourts have found that allegations of a failure to act do not generally establish a claim" of intentional infliction of emotional distress. *L.H. v. Pittston Area Sch. Dist.*, 130 F. Supp. 3d 918, 930 (M.D. Pa. 2015) (collecting cases), *aff'd*, 2016 WL 6837148 (3d Cir. Nov. 21, 2016). In other words, "[t]here is no cognizable claim" of intentional infliction of emotional distress "where the failure to act, i.e., negligence of a party, forms the basis of the claim." *Jackson v. Sun Oil Co. of Pa.*, 521 A.2d 469, 471 (Pa. Super. Ct. 1987); *see also Ruder v. Pequea Valley Sch. Dist.*, 790 F. Supp. 2d 377, 397 (E.D. Pa. 2011) (applying Pennsylvania law and holding same).

Thompson fails to state a claim of intentional infliction of emotional distress because he fails to allege "extreme and outrageous" conduct by the Bureau of Prisons in this negligence case. *Chuy*, 595 F.2d at 1273. Thompson does not allege that prison staff mishandled a corpse, recklessly diagnosed a fatal disease, engaged in sexual contact with young children, or engaged in conduct that is similarly "atrocious, and utterly intolerable in a civilized community."

5

*Wisniewski*, 812 F.2d at 85; *see also Salerno*, 546 A.2d at 1172. Instead of alleging this "most egregious" type of conduct, *Hoy*, 720 A.2d at 754, Thompson alleges that prison staff failed to act by evaluating his condition and scheduling treatment for a leg infection—a classic negligence claim that he already asserts in Count I. The prison staff's alleged "failure to act" does not constitute a separate claim of intentional infliction of emotional distress, *L.H.*, 130 F. Supp. 3d at 930, because "[t]here is no cognizable claim" of intentional infliction of emotional distress "where the failure to act, i.e., negligence of a party, forms the basis of the claim." *Jackson*, 521 A.2d at 471. Thus, the Court should dismiss Thompson's claim of intentional infliction of emotional distress.

### III.   The Complaint Fails to State a Claim of Negligent Infliction of Emotional Distress

The Court should also dismiss Thompson's claim of negligent infliction of emotional distress in Count II for failure to state a claim. Assuming that a negligent infliction of emotional distress claim is even cognizable in this context, Thompson (1) incorrectly duplicates the pain and suffering component of his medical malpractice action, and (2) fails to allege a sufficient injury resulting from the emotional distress. Dismissal is appropriate for either of these reasons.

#### A.   Thompson Incorrectly Duplicates the Pain and Suffering Component of His Medical Malpractice Action

To state a claim of negligent infliction of emotional distress under Pennsylvania law, a plaintiff must allege the elements of a negligence claim, and must further allege: (1) that the defendant had a contractual or fiduciary duty toward him; (2) that plaintiff suffered a physical impact; (3) that plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that plaintiff had a contemporaneous perception of tortious injury to a close relative. *Spencer ex rel. Estate of Tate v. Eckman*, No. 04-4974, 2005 WL 711511, at *3 (E.D. Pa. Mar. 28, 2005)

(citations omitted); *see also Pressley v. Forrest*, No. 10-3270, 2013 WL 5567569, at *3 (E.D. Pa. Oct. 8, 2013) (Jones, J.) (describing these "gatekeeping requirements"). As these elements reflect, "[t]he tort of negligent infliction of emotional distress has evolved almost exclusively in the context of those who observe injury to close family members and are as a consequence of the shock emotionally distressed." *Armstrong v. Paoli Mem'l Hosp.*, 633 A.2d 605, 609 (Pa. Super. Ct. 1993).

A claim of negligent infliction of emotional distress is different from the pain and suffering component of a medical malpractice action. "The injury we contemplate when considering negligent infliction of emotional distress is mental or emotional injury, apart from the tort law concepts of pain and suffering." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994). The Supreme Court distinguished these concepts, noting that "[a]lthough pain and suffering technically are mental harms, these terms traditionally have been used to describe sensations stemming directly from a physical injury or condition." *Id.* (citation and quotation omitted). "The injury we deal with here [in the context of a claim for negligent infliction of emotional distress] is mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is *not directly brought about by a physical injury*, but that may manifest itself in physical symptoms." *Id.* (emphasis added).

Thompson's claim of negligent infliction of emotional distress arises out of his alleged physical injury and merely repeats the pain and suffering component of his medical malpractice claim. The complaint does not distinguish the two, as the Supreme Court did in *Gotshall*, 512 U.S. at 544, and instead alleges that Thompson sustained "pain and suffering" and "emotional trauma" as a result of "the actions and inactions of BOP employees." Compl. ¶ 49. Thompson

7

therefore alleges emotional distress that is "directly brought about by a physical injury," the type of mental harm associated with the pain and suffering component of a traditional negligence claim. *Gottshall*, 512 U.S. at 544. But these claims are not equivalent, otherwise every plaintiff who sues for medical malpractice would file a corresponding claim of negligent infliction of emotional distress. To state such a claim requires allegations "apart from the tort law concepts of pain and suffering." *Id.* Thus, the Court should dismiss Thompson's claim of negligent infliction of emotional distress.

## B. Thompson Fails to Allege a Sufficient Injury from the Emotional Distress

The Court should also dismiss Thompson's claim of negligent infliction of emotional distress, because he fails to allege a sufficient injury to warrant the separate claim. In addition to the requirements above, "a plaintiff must allege physical harm to sustain an action for negligent infliction of emotional distress." *Love v. Cramer*, 606 A.2d 1175, 1179 (Pa. Super. Ct. 1992). In other words, a plaintiff must allege some emotional disturbance beyond "transitory, nonrecurring physical phenomena, harmless in themselves" and tantamount to physical harm that "may be classified by the courts as illness, notwithstanding their mental character." Restatement (Second) of Torts, Section 436A, comment c (cited with approval in *Crivellaro v. Pa. Power & Light Co.*, 491 A.2d 207, 210 (Pa. Super. Ct. 1985)).

A plaintiff therefore must specify the alleged effects of the emotional distress. For example, in one case the plaintiff pled that her emotional shock manifested in "nausea, headaches, insomnia, depression, nightmares, flashbacks, repeated hysterical attacks, stress, and anxiety." *Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 85 (Pa. 2011). In another case, the plaintiff alleged "intense headaches, uncontrollable shaking, involuntary hyperventilation and shortness

8

of breath, frequent nightmares, inability to control bowels, upset stomach, and an intense tightening of the muscles in the neck, back and chest which produced severe pain lasting several days following each incident." *Crivellaro*, 491 A.2d at 210.

Federal courts applying Pennsylvania law have recognized the same requirement, holding that a plaintiff alleging negligent infliction of emotional distress must allege "physical injury resulting from the emotional distress" in order to state a claim. *McDuffie v. City of Phila.*, No. 96-3711, 1996 WL 515906, at *4 (E.D. Pa. Sept. 4, 1996) (quoting *Wall by Lalli v. Fisher*, 565 A.2d 498 (Pa. Super. Ct. 1989)); *see also Horan v. United States*, No. 08-529, 2009 WL 700630, at *13 (M.D. Pa. Mar. 12, 2009) (holding that "Pennsylvania law requires that a plaintiff prove physical injury resulting from the emotional distress" to state a claim of negligent infliction of emotional distress). Courts dismiss claims of negligent infliction of emotional distress when the plaintiff "does not allege that [he or she] suffered physical injury as a result of his emotional distress from inadequate medical treatment." *McDuffie*, 1996 WL 515906, at *4; *see also Horan*, 2009 WL 700630, at *13 (dismissing claim).

Thompson fails to allege the requisite level of harm to sustain an action for negligent infliction of emotional distress. *Love*, 606 A.2d at 1179. He alleges no physical manifestations whatsoever from emotional distress, in stark contrast to the plaintiffs in *Toney*, 36 A.3d at 85, and *Crivellaro*, 491 A.2d at 210. At most, Thompson alleges that he sustained unspecified "emotional trauma" and "loss of the enjoyment of life," Compl. ¶ 49, but the Court does not accept as true these types of legal conclusions without any factual allegations to support them, *see Iqbal*, 556 U.S. at 678. And, in any event, Thompson merely restates the damages component of his separate malpractice claim in Count I. Because Thompson fails to allege a sufficient injury

9

from emotional distress, the Court should dismiss his claim of negligent infliction of emotional distress.

## CONCLUSION

For these reasons, the Court should dismiss with prejudice Count II (Negligent Infliction of Emotional Distress) and Count III (Intentional Infliction of Emotional Distress) for failure to state a claim in which relief can be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_Susan R. Becker for MLH_
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
MICHAEL S. MACKO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: 215-861-8415
Fax: 215-861-8618
Michael.Macko@usdoj.gov

*Counsel for Defendant United States of America*

Dated: December 6, 2016

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2016, I caused a true and correct copy of the foregoing Defendant's Motion for Partial Dismissal to be served by the Court's CM/ECF system and by first-class mail, postage prepaid, upon the following:

Jonathan H. Feinberg, Esquire<br>
Kairys, Rudovsky, Messing & Feinberg<br>
The Cast Iron Building<br>
718 Arch Street, Suite 501 South<br>
Philadelphia, PA 19106

MICHAEL S. MACKO
Assistant United States Attorney