IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TREZJUAN THOMPSON,** :
    **Plaintiff,** :
: **CIVIL ACTION**
**v.** :
: **NO.: 16-3287**
**UNITED STATES,** :
    **Defendant.** :

## ORDER-MEMORANDUM

**AND NOW**, this 18th day of June, 2018, upon consideration of the Amended Complaint (ECF No. 32), Defendant's Partial Motion to Dismiss (ECF No. 33), Plaintiff's Response in Opposition thereto (ECF No. 34), and Defendant's Reply (ECF No. 37), it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

Defendant is directed to file an Answer to the Amended Complaint (ECF No. 32) within fourteen (14) days of the filing of this Order.

## Factual Background

The facts presently before the Court are largely the same as that which the Court previously considered in its Memorandum dated July 12, 2017 (ECF No. 24). As such, and in the interest of brevity, this Court refers the parties to the Court's earlier Memorandum for a full recitation of the facts.

In its previous Memorandum, this Court denied Defendant's Motion to Dismiss the Complaint as it related to Plaintiff's claim for intentional infliction of emotional distress ("IIED"), and granted Defendant's Motion as it related to Plaintiff's claim for negligent infliction of emotional distress ("NIED"). (ECF No. 24, p. 9.) The Court found the pleadings insufficient to state a claim for NIED because the record was bereft of facts that would demonstrate that Plaintiff's alleged emotional trauma manifested physically. (ECF No. 24, p. 5-6.) Plaintiff's ambiguous allegation of "extreme pain and discomfort" was insufficient to determine whether

1

Plaintiff's pain arose from his physical injury or from the emotional trauma. Id. at 5. This Court, thus, dismissed Plaintiff's NIED claim without prejudice and with leave to amend to correct the pleading deficiency. Id.

Presently before the Court is Plaintiff's Amended Complaint, in which Plaintiff alleges that the Federal Bureau of Prisons ("BOP") and Federal Detention Center's ("FDC") employees owed Plaintiff a duty of care, breached said duty, and caused Plaintiff to suffer severe emotional distress as a result. (ECF No. 32, ¶ 48.) The Amended Complaint further alleges that the resultant emotional distress Plaintiff experienced manifested in physical symptoms including headaches, difficulty sleeping, nightmares, anxiety, and sweating. (ECF No. 32, ¶ 48.) Defendant timely filed a Motion to Dismiss Plaintiff's claim for NIED on the grounds that Plaintiff failed to allege sufficient facts to state a claim upon which can be granted. (ECF No. 33, p. 4.)

## Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), it was established that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But rather, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil

2

complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**Analysis**

Defendant seeks dismissal of Plaintiff's claim for NIED on two grounds. First, Defendant argues that Plaintiff fails to allege the existence of a special relationship through which Defendant would owe Plaintiff a duty of care. (ECF No. 33, p. 10.) And second, Defendant argues that Plaintiff fails to plead sufficient facts to distinguish Plaintiff's claim for NIED from Plaintiff's existing claim for malpractice – a claim Defendant neither challenges here nor in its first Motion to Dismiss the Complaint. (ECF No. 33, p. 10.) The Court finds neither argument persuasive. For the reasons set forth below, Defendant's Motion to Dismiss the Amended Complaint is denied.

I. Special Relationship

In Pennsylvania, recovery for NIED is limited to four factual scenarios: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing fear of impending physical injury; or (4) [where] the plaintiff observed a tortious injury to a close relative." Classen v. Nutter, Civ. No. 15-4078, 2017 U.S. Dist. LEXIS 199269, *24 (E.D. Pa. Dec. 4, 2017)(citing Doe v. Philadelphia Comm. Health Alts. AIDS Task Force, 745 A.2d 25, 26 (Pa. Super. Ct. 2000)). Though Pennsylvania courts recognize that a doctor-patient relationship could serve as a basis for an NIED claim, Toney v. Chester County Hosp., 36 A.3d 83, 95 (Pa. 2011), Defendant argues that the facts of this case are insufficient for a finding of one such special relationship here. (ECF No. 33, p. 10.) This Court emphatically disagrees.

As a preliminary matter, this Court finds none of the cases to which Defendant cites,

persuasive. Where said cases conclude that their respective facts are incongruent with any of the delineated scenarios from which a NIED claim may arise under Pennsylvania law, there is insufficient discussion from which this Court could reasonably determine that the courts' holdings reflect a finding that no duty existed between the parties – as opposed to a finding that no breach occurred. None of the cited cases assess – in any degree of detail – whether, or when, a special relationship could exist between prison medical staff and an imprisoned patient. The holdings of the referenced cases, thus, are not pertinent to the disposition of the inquiry at issue here.

Instead, this Court follows the clear directive of the Pennsylvania Supreme Court to assess the unique facts of this case. See, Toney, 36 A.3d at 95 ("Rather we find it prudent to leave the legal question of whether a sufficient duty exists to our trial judges to decide on a case by case basis, at some point prior to trial, be it preliminary objections, summary judgment, or the like."). In so assessing, the Court finds that the relationship between Plaintiff and the FDC and BOP personnel charged with Plaintiff's care is a NIED qualifying relationship from which arises a duty to care for Plaintiff's emotional well-being. As a detainee, Plaintiff was without the ability to seek medical attention outside of the prison. And as evidenced by the facts alleged, even Plaintiff's communication with his surgeon was entirely at the whim of prison officials. "Plaintiff's detention rendered Plaintiff uniquely dependent on BOP and FDC personnel to act in Plaintiff's best interest," (ECF No. 24, p. 8), and this Court will not hold that regard for Plaintiff's emotional well-being was somehow divorced from the prison's other responsibilities as Plaintiff's custodian.

II.  Distinction Between Malpractice and NIED Claims

Defendant further challenges the sufficiency of the pleadings to adequately state an NIED

4

cause of action distinct from Plaintiff's claim for medical malpractice. (ECF No. 33, p. 6.) In Defendant's assessment, Plaintiff's NIED claim "arises out of [Plaintiff's] alleged physical injury and alleges harm fully encompassed in his medical malpractice claim." (ECF No. 33, p. 8.) Defendant encourages the Court to find that, in light of Plaintiff's existing claim for medical malpractice, Plaintiff's claim for NIED fails as duplicative and redundant. (ECF No. 33, p. 10.)

Upon review of the pleadings in the light most favorable to Plaintiff, this Court finds that Plaintiff adequately alleges two distinct causes of action. Assuming the allegations true, Plaintiff's medical malpractice claim seeks recovery for the persistent infection, and attendant pain and suffering, that resulted from the BOP and FDC's deficient care. (ECF No. 32, ¶ 44-47.) In contrast, Plaintiff's claim for NIED seeks recovery for the emotional distress experienced as a result of the BOP and FDC personnel's apparent apathy in the face of Plaintiff's repeated complaints of "substantial pain" and numerous requests for aid. (ECF No. 32, ¶ 48.) It is entirely conceivable that being left in a soiled cast for weeks with a festering infection could result in emotional trauma separate and apart from the resultant physical injury. Though the underlying alleged tortious conduct is undoubtedly related, this Court finds sufficient facts in the Amended Complaint to establish two discrete, actionable harms.

## **CONCLUSION**

For all of the foregoing reasons, the Court finds that Plaintiff adequately alleges a claim against Defendant for negligent infliction of emotional distress. Defendant's Motion is therefore **DENIED**.

BY THE COURT:
/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.