# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREZJUAN THOMPSON,** | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 16-3287 |
| **UNITED STATES OF AMERICA,** | : |
| Defendant. | : |

## ORDER

**AND NOW** this _____ day of _____, 2019, upon consideration of the Motion to Withdraw as Counsel, **IT IS ORDERED** that the Motion is **GRANTED**, and the appearance of Jonathan H. Feinberg as counsel for the Plaintiff Trezjuan Thompson is **WITHDRAWN**.

                                                                BY THE COURT:


                                                                _____
                                                                **C. DARNELL JONES, II**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREZJUAN THOMPSON,** | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 16-3287 |
| **UNITED STATES OF AMERICA,** | : |
| Defendant. | : |

## MOTION TO WITHDRAW AS COUNSEL

The undersigned counsel, Jonathan H. Feinberg, respectfully moves the Court pursuant to Local Civ. R. 5.1(c) for leave to withdraw as counsel for Plaintiff Trezjuan Thompson. For the reasons outlined in the following Memorandum of Law, movant requests that the Court enter the foregoing proposed Order withdrawing counsel's appearance.

Respectfully submitted,

Date: June 28, 2019

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING, FEINBERG
  & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREZJUAN THOMPSON,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 16-3287 |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Defendant. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL**

Undersigned counsel, Jonathan H. Feinberg, has represented Plaintiff Trezjuan Thompson since the inception of this action. Mr. Thompson has informed counsel, however, that he no longer wishes for the undersigned to represent him. Under Local Civ. R. 5.1(c), counsel's "appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." Because Mr. Thompson has, to counsel's knowledge, not yet retained another attorney to enter an appearance, counsel respectfully seeks leave of Court to withdraw his appearance as counsel to Mr. Thompson.

"The decision to grant an attorney's motion to withdraw is within the discretion of the court." *Reigle v. Reish*, No. 1:CV-11-0052, 2013 WL 4502104, at *4 (M.D. Pa. Aug. 22, 2013); *see also Tyler v. U.S. Airways, Inc.*, No. 13-5679, 2014 WL 543550, at *1 (E.D. Pa. Feb. 10, 2014) (citing *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)). The Court may consider any relevant factors, including "the potential prejudice to all parties involved and the potential disruption to the administration of justice." *Reigle*, 2013 WL 4502104, at *4. In particular, the Court may consider the Pennsylvania Rules of Professional Conduct, *Tyler*, 2014

WL 543550, at *1, including whether "the representation…has been rendered unreasonably difficult by the client," Pa. R. Prof. Conduct 1.16(b)(6), or if "other good cause for withdrawal exists." Pa. R. Prof. Conduct 1.16(b)(7).

In the instant case, counsel seeks leave to withdraw at the request of Mr. Thompson. During the past several weeks leading up to the filing of the motion, it has become apparent that Mr. Thompson and counsel have developed irreconcilable differences about the direction of the litigation.[1] In a telephone call on June 26, 2019, Mr. Thompson specifically expressed his desire that counsel file this motion and seek the Court's permission to withdraw from the representation.[2] Based on that request, and in view of the now well-established history of a deteriorated attorney-client relationship, counsel believes that this request is appropriate and necessary.

In making the request, counsel notes that there is some risk of prejudice to the parties, especially Mr. Thompson, given the stage of the litigation. Counsel has represented Mr. Thompson for five-and-a-half years and the case has been in litigation for three years. The parties have just completed extensive fact discovery, and expert reports are due to be disclosed on or before July 19, 2019. Nevertheless, despite the potential difficulties for Mr. Thompson in continuing to litigate the case with new counsel or *pro se*, the critical factor remains that Mr.

---

[1] In light of the privileged nature of the communications between counsel and Mr. Thompson, counsel does not specify here the differences that have arisen during the course of the representation. Counsel memorialized those differences in a letter to Mr. Thompson on June 26, 2019. Should the Court require more information about the relationship, counsel can submit to the Court a copy of that letter for *in camera* review.

[2] Counsel is filing this motion immediately after receiving this instruction from Mr. Thompson so as to notify the Court and defense counsel as expeditiously as possible. Because Mr. Thompson is incarcerated at USP Pollock in the Federal Bureau of Prisons, counsel has not yet obtained written confirmation of Mr. Thompson's request. Should the Court wish, counsel will provide a Declaration from Mr. Thompson confirming the request for counsel's withdrawal.

Thompson and counsel are in agreement that it would not be helpful to Mr. Thompson for counsel to continue the representation. *See Tyler*, 2014 WL 543550, at *1 (noting that granting motion to withdraw would leave plaintiff "navigating the legal waters without representation" but granting withdrawal on ground that it was "clear to the Court that the attorney client relationship has broken down such that [counsel] will not be able to provide the advocacy demanded by the rules of professional conduct"); *Reigle*, 2013 WL 4502104, at *4 (granting withdrawal where "fundamental disagreements exist that are unable to be resolved with respect to the course of action to be taken in the case" even though "a good part of the discovery" had taken place).

For these reasons, counsel respectfully requests that the Court grant this motion and permit counsel to withdraw.

Respectfully submitted,

Date: June 28, 2019

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING, FEINBERG
  & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jonathan H. Feinberg, hereby certify that on June 28, 2019, the foregoing Motion to Withdraw as Counsel was filed via the Court's ECF system and thereby served upon counsel for Defendant United States of America:

>Lauren DeBruicker, Esq.
>Assistant U.S. Attorney
>615 Chestnut Street, Suite 1250
>Philadelphia, PA 19106-4476
>Lauren.DeBruicker@usdoj.gov

Additionally, a copy of the Motion was served on Plaintiff Trezjuan Thompson via first-class mail to:

>Trezjuan Thompson
>06042-036
>USP Pollock
>1000 Airbase Rd
>Pollock, LA 71467

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg